**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| DORIS AGUIRRE as Next Friend of B.C., a minor, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 17-CV-01440 |
| v. | ) |
| | ) |
| CITY OF BERWYN, BERWYN POLICE OFFICER | ) |
| PECHOTA, J. STERLING MORTON HIGH SCHOOL | ) |
| DISTRICT 201, and UNKNOWN J. STERLING HIGH | ) |
| SCHOOL DISTRICT 201 EMPLOYEES, | ) |
| | ) **JURY DEMANDED** |
| Defendants. | ) |
| | ) |

## CIVIL COMPLAINT

     NOW COMES Plaintiff, DORIS AGUIRRE as Next Friend of B.C., by and through one of her attorneys, Abby D. Bakos of the Shiller Preyar Law Offices, complaining of the Defendants and in support thereof state as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

### JURISDICTION

2. The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983; the Judicial Code 28 U.S.C. §§1331 and 1343(a); and Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

### VENUE

3. Venue is proper under 28 U.S.C. Section 1391(b). The events described herein all occurred in the Northern District of Illinois.

1

## THE PARTIES

4. Plaintiff Doris Aguirre resides in the United States and in the Northern District of Illinois. Ms. Aguirre is the mother of minor, B.C.

5. B.C., a minor, has resided at all relevant times in the Northern District of Illinois, County of Cook. B.C. was 16 years old at the time of the incident.

6. Defendant City of Berwyn is a municipal corporation duly incorporated under the laws of the State of Illinois. The City of Berwyn was and is the public employer of Defendant Pechota. At all relevant times hereto, Defendant Pechota was acting under the color of law and within the scope of his employment with Defendant City of Berwyn.

7. Defendant Pechota is a present or former employee of the City of Berwyn Police Department. Defendant Pechota engaged in the conduct complained of while on duty and in the course and scope of his employment and under the color of law. Defendant Pechota is being sued in his individual capacity.

8. Defendant J. Sterling High School District 201 is a public school district comprised of four campuses including J. Sterling Morton West High School. At all times relevant hereto, Defendant Unknown J. Sterling Morton West High School employees were acting under the color of law and within the scope of their employment with Defendant J. Sterling High School District 201.

9. Defendant Unknown J. Sterling High School District 201 Employees are present or former employees of J. Sterling High School District 201. Defendants engaged in the conduct complained of in the course and scope of their employment and under color of law.

2

## BACKGROUND

10. On Saturday, September 3, 2016, at approximately 11 a.m., B.C. and three of his minor friends went to Morton West High School to retrieve the bikes that the group left at the school the night before.

11. When the four minors arrived at the school, they unlocked their bicycles from the bike rack and began to ride away.

12. Immediately thereafter, Defendant Unknown J. Sterling Morton High School District 201 Employees (hereinafter, "Unknown Morton West Employees"), which included a security guard and dean, approached the minors and, without any justification, accused them of stealing the bikes.

13. Shortly thereafter, the security guard called the Berwyn Police.

14. Defendant Pechota and Officer Areizager (among others) responded to the call.

15. When they arrived, Defendant Pechota unlawfully arrested one of B.C.'s minor friends.

16. B.C. began to record the arrest on his cell phone.

17. When Defendant Pechota noticed B.C. recording, Pechota grabbed B.C.'s arm, slammed B.C. against the squad car and took B.C's phone from B.C.

18. Defendant Pechota then threw B.C.'s cell phone on the ground causing the phone to break.

19. Defendant Pechota then arrested and charged B.C. with disorderly conduct.

20. According to the citation issued to B.C., the disorderly conduct charge was based on B.C allegedly failing to identify himself and refusing to obey police orders, thereby obstructing the performance of a police officer during an investigation.

21. Defendant Pechota never asked B.C. for any identifying information at any time prior to B.C.'s arrest.

3

22. Neither Defendant Pechota nor any other officer on scene had probable cause to arrest B.C. for disorderly conduct at the time.

23. B.C. had not committed violated Berwyn's disorderly conduct ordinance at any time before he was arrested.

24. B.C. had not committed any crime at any time before Defendant Pechota arrested B.C.

25. B.C. did not resist arrest at any time on September 3, 2016.

26. B.C. did not batter any officer at any time on September 3, 2016.

27. B.C. suffered an injury to his arm as a result of Defendant Pechota's conduct.

28. Shortly after his release from custody, B.C. was treated for his physical injury at MacNeal Hospital.

29. B.C. was required to keep his arm in a sling for more than a week after the incident.

30. Defendant Pechota took B.C.'s bicycle upon B.C.'s arrest.

31. Defendant Pechota has never returned B.C's bicycle to B.C.

32. Defendant Pechota did not have probable cause or any other legal justification to seize B.C.'s bike.

33. On December 15, 2016, all charges brought against B.C. by Defendant Pechota were terminated in B.C.'s favor.

34. As a result of Defendant Pechota's conduct, B.C. suffered physical harm as well as emotional distress, stress, anxiety and incurred attorneys' fees.

**COUNT I**
**42 U.S.C. § 1983 – Excessive Force**
**Against Defendant Pechota**

35. Plaintiff re-alleges and incorporates each of the paragraphs of this Complaint as if reinstated herein.

4

36. Under 42 U.S.C. § 1983, a person who, acts under color of state law and deprives another person of his federal constitutional rights is liable to the injured party.

37. The actions of Defendant Pechota constituted unreasonable, unjustifiable, and excessive force against B.C. thus violating his rights under the Fourth Amendment to the United State Constitution and 42 U.S.C. Section 1983.

38. B.C. was injured as a result of Defendant Pechota's conduct.

39. Defendant Pechota inflicted physical violence upon B.C. that was excessive, unnecessary, unreasonable, and grossly disproportionate to the need for action under the circumstances.

40. The actions of Defendant Pechota were willful, intentional and malicious and/or done with a reckless indifference to, and callous disregard for B.C's rights.

WHEREFORE, as a result of Defendant Pechota's unconstitutional actions, Plaintiff requests compensatory damages, punitive damages, cost and attorney's fees and additional relief that this Court deems equitable and just.

### COUNT II
### 42 U.S.C. § 1983 – Failure to Intervene
### Against Defendant Unknown J. Sterling Morton High School District 201 Employees

41. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

42. Defendant Unknown Morton West Employees had a reasonable opportunity to prevent the excessive force used by Defendant Pechota and the false arrest of B.C., but failed to do so.

43. As a result of Defendant Unknown Morton West Employees' failure to intervene with Defendant Pechota's use of force and illegal arrest, B.C. was injured.

5

44. The misconduct was objectively unreasonable and was undertaken intentionally with malice, willfulness and reckless indifference to B.C.'s rights.

WHEREFORE, Plaintiff demands judgment against Defendant Unknown Morton West Employees for compensatory damages, punitive damages, costs and attorneys' fees and such other and additional relief that this Court deems equitable and just.

## COUNT III
### 42 U.S.C. § 1983 – Unlawful Seizure/False Arrest
### Against Defendant Pechota

45. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

46. Defendant Pechota seized B.C.

47. Defendant Pechota did not have a reasonable suspicion to believe that B.C. had committed a crime at the time of B.C.'s seizure.

48. Defendant Pechota did not have reasonable suspicion to believe that B.C. was going to commit a crime at the time of B.C.'s seizure.

49. Defendant Pechota did not have probable cause to seize B.C. at the time of B.C.'s seizure.

50. B.C. did not commit any crimes before he was seized by Defendant Pechota.

51. Such actions constitute deliberate indifference to B.C.'s rights under the United States Constitution in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

52. As a result of the illegal seizure, B.C. was injured, including loss of liberty, emotional damages, and legal fees.

53. The actions of Defendant Pechota were objectively unreasonable and were undertaken intentionally with malice, willfulness and reckless indifference to B.C.'s rights.

6

WHEREFORE, Plaintiff demands judgment against Defendant Pechota for compensatory damages, punitive damages, costs and attorneys' fees and such other and additional relief that this Court deems equitable and just.

**COUNT IV**
**42 U.S.C. § 1983 – Unlawful Seizure of Property**
**Against Defendant Pechota**

54. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

55. As described in the preceding paragraphs, the conduct of Defendant Pechota in seizing B.C.'s bike without probable cause or any other legal justification, constituted an illegal seizure in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

56. As described in the preceding paragraphs, the conduct of Defendant Pechota in seizing Plaintiff's cell phone without probable cause or any other legal justification, constituted an illegal seizure in violation of the Fourth and fourteenth Amendments of the United States Constitution.

57. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with willful and wanton indifference to B.C.'s constitutional rights.

58. As a result of Defendant Pechota's conduct, B.C. suffered damages, including loss of his bike and cell phone.

WHEREFORE, Plaintiff demands judgment against Defendant Pechota for compensatory damages, punitive damages, costs and attorney's fees, and such other and additional relief that this court deems equitable and just.

## COUNT V
### 42 U.S.C. § 1983 – First Amendment Retaliation
### Against Defendant Pechota

59. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

60. The First Amendment to the United States Constitution guarantees B.C.'s rights to document matters of public concern without fear of unjust retaliation.

61. B.C. engaged in activity protected by the First Amendment when he video recorded the arrest of his minor friend.

62. In direct retaliation for B.C. exercising these rights, Defendant Pechota arrested B.C. with no probable cause and based solely on the fact that Plaintiff was documenting abuse by police.

63. Defendant Pechota's actions violated B.C.'s rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution and violated 42 U.S.C. § 1983.

64. As a proximate result of the aforementioned actions by Defendant Pechota, B.C. suffered loss of freedom, bodily injury, pain and suffering, emotional damages and medical expenses.

WHEREFORE, Plaintiff demands judgment against Defendant Pechota for compensatory damages, punitive damages, costs and attorney's fees, and such other and additional relief that this court deems equitable and just.

## COUNT VI
### 42 U.S.C. § 1983- Fourth Amendment Malicious Prosecution
### Against Defendant Pechota

65. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

66. B.C.'s seizure was unsupported by probable cause.

67. Despite that, Defendant Pechota initiated and caused B.C.'s seizure pursuant to legal process.

68. Defendant Pechota's conduct as described above was undertaken intentionally or with reckless disregard to the lack of probable cause.

69. The ordinance violation brought against B.C. by Defendant Pechota was resolved in B.C.'s favor.

70. For two decades the Seventh Circuit did not recognize Fourth Amendment claims for malicious prosecution while ten other circuits have.

71. The viability of this claim is currently being reviewed by the Supreme Court of the United States in the matter of *Elijah Manuel v. City of Joliet, Illinois, et al*. No. 14-9496.

72. Thus, this Fourth Amendment malicious prosecution claim is brought to preserve the same.

WHEREFORE, Plaintiff demands judgment against Defendant Pechota for compensatory damages, punitive damages, costs and attorney's fees, and such other and additional relief that this court deems equitable and just.

## COUNT VII
### State Claim – Malicious Prosecution
### Against Defendant City of Berwyn

73. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

74. Defendant Pechota maliciously charged B.C. with an ordinance violation for disorderly conduct, and continued to maliciously prosecute B.C. by creating false and incomplete police reports and swearing to false charges.

75. There was no probable cause for the institution of a disorderly conduct ordinance violation against B.C.

9

76. The disorderly conduct charge against B.C. was terminated in B.C.'s favor

77. B.C. was injured including loss of liberty, emotional damages and legal fees.

78. Defendant Pechota's conduct was willful and wanton.

79. The misconduct was undertaken by Defendant Pechota within the scope of his employment and under the color of law such that his employer, City of Berwyn, is liable for those actions.

WHEREFORE, Plaintiff demands judgment against Defendant City of Berwyn for compensatory damages, costs, punitive damages, and such other and additional relief that this Court deems equitable and just.

## COUNT VIII
### State Claim-Battery
### Against Defendant City of Berwyn

80. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

81. Without the consent of B.C., Defendant Pechota intentionally, harmfully, and offensively touched B.C. when he grabbed B.C. arm and slammed him against the hood of the squad car.

82. B.C. was damaged by this intentional and unauthorized touching.

83. Defendant Pechota's conduct that resulted in this battery was undertaken with malice, willfulness, and reckless indifference to B.C's rights.

84. The misconduct undertaken by Defendant Pechota was within the scope of his employment and under the color of law such that his employer, the City of Berwyn, is liable for those actions.

WHEREFORE,  Plaintiff demands judgment against the City of Berwyn for compensatory damages, punitive damages, costs, medical expenses, and such other and additional relief as this court deems equitable and just.

## COUNT IX
### State Claim- Assault
### Against Defendant City of Berwyn

85. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

86. B.C. believed that he was in imminent danger of being battered by Defendant Pechota.

87. Defendant Pechota's conduct that resulted in this assault was undertaken with malice, willfulness, and reckless indifference to B.C's rights.

88. The assault undertaken by Defendant Pechota occurred within the scope of Pechota's employment and under the color of law such that his employer, the City of Berwyn, is liable for those actions.

WHEREFORE, Plaintiff demands judgment against the City of Berwyn for compensatory damages, costs, medical expenses, and such other and additional relief as this court deems equitable and just.

## COUNT X
### State Claim- Conversion
### Against Defendant City of Berwyn

89. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

90. B.C. owned the bike that Defendant Pechota seized from B.C.

91. B.C. had the absolute, unconditional right to immediate possession of the bike at the time that Defendant Pechota took it.

92. By seizing the bike without permission or lawful justification, Defendant Pechota took control of B.C.'s property.

93. To date, the bike has not been returned to B.C.

94. The misconduct was undertaken by Defendant Pechota was within the scope of his employment and under the color of law such that his employer, the City of Berwyn, is liable for those actions.

WHEREFORE, Plaintiff requests judgment against Defendant City of Berwyn for compensatory damages and such other and additional relief that this Court deems equitable and just.

### COUNT XI
**Indemnification Claim**
**Against Defendant City of Berwyn and Defendant J. Sterling High School District 201**

95. Plaintiff re-alleges and incorporates each of the paragraphs of this Complaint as if reinstated herein.

96. A plaintiff may bring an indemnification claim against a municipality or any local public entity in section 1983 suit under 745 Ill. Comp. Stat. § 10/9-102.

97. In committing the acts alleged, Defendant Pechota is a member and agent of the Berwyn Police Department, and his actions were incident to the service of employment with the Defendant City of Berwyn.

98. In committing the acts alleged, Defendant Unknown Morton West Employees were acting as members and agents of Defendant J. Sterling High School District 201, and their actions were incident to the service of employment with Defendant J. Sterling High School District 201.

99. As a direct and proximate result of Defendant Pechota and Unknown Morton West Employees' unconstitutional actions, B.C. suffered significant emotional injuries including mental and emotional distress, and physical pain and suffering as alleged in this Complaint and is entitled to relief under 42 U.S.C. § 1983.

100. The misconduct that was undertaken by Defendant Pechota was within the scope of his employment and under the color of law such that his employer, City of Berwyn, is liable for those actions.

101. The misconduct that was undertaken by Unknown Morton West Employees was within the scope of their employment and under the color of law such that their employer, Defendant J. Sterling High School District 201, is liable for those actions.

WHEREFORE, should Defendant Pechota be found liable on one or more of the claims set forth above, Plaintiff demands, pursuant to 745 ILCS 10/9-102, that Defendant City of Berwyn be found liable for any compensatory judgment Plaintiff obtains against said Defendants, as well as attorneys' fees and costs awarded, medical expenses and such other and additional relief that this Court deems equitable and just.

<u>COUNT XII</u>
*Respondeat Superior* **Liability Against the City of Berwyn**
**for State Law Claims**

102. Plaintiff re-alleges and incorporates all previous paragraphs.

103. Defendant City of Berwyn is the employer of Defendant Pechota.

104. Defendant City of Berwyn is liable for its employees' actions committed while in the scope of their employment as duly appointed police officers under the doctrine of *respondeat superior*.

105. The acts of Defendant Pechota described in the state-law claims specified above were willful and wanton and committed in the scope of his employment as an employee of the Defendant City of Berwyn.

106. As a proximate cause of Defendant Pechota's unlawful acts, which occurred within the scope of his employment activities, B.C. was injured.

WHEREFORE, should Defendant Pechota be found liable on one or more of the claims set forth above, Plaintiff demands that Defendant City of Berwyn be found liable under a *respondeat superior* theory of liability for any compensatory judgment Plaintiff obtains against

13

said Defendants, as well as attorneys' fees and costs awarded, medical expenses and such other

and additional relief that this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

DORIS AGUIRRE as Next Friend of B.C., a minor

By One of HER Attorneys:

s/ Abby D. Bakos
Abby D. Bakos

Shiller*Preyar Law Offices
601 S. California Ave.
Chicago, IL 60612
(312) 226-4590